IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIFFANY SAULS and HEATHER ARNOULT,** on behalf of themselves and all others similarly situated, <br><br> **Plaintiffs,** <br><br> v. <br><br> **WILLIE'S CHICKEN SHACK, LLC, DIAMOND BOURBON, INC., GOLDEN BOURBON, INC., WILLIES' CANAL, LLC, WILLIE'S DECATUR, LLC, WILLIE'S 630 BOURBON, LLC, WILLIE'S 409 BOURBON, LLC, WILLIE'S 707 CANAL, LLC AND AARON MOTWANI** <br><br> **Defendants.** | Civil Action No. _____ <br><br> **Jury Trial Demanded** |

### COMPLAINT – COLLECTIVE ACTION

Plaintiffs Tiffany Sauls and Heather Arnoult, on behalf of themselves and all others similarly situated, bring this action against Defendants, and respectfully allege as follows:

### INTRODUCTION

1. This is a collective action brought on behalf of individuals who previously worked or currently work as employees of Defendants, WILLIE'S CHICKEN SHACK, LLC; DIAMOND BOURBON, INC.; GOLDEN BOURBON, INC.; WILLIE'S CANAL, LLC; WILLIE'S DECATUR, LLC; WILLIE'S 630 BOURBON, LLC; WILLIE'S 409 BOURBON, LLC; WILLIE'S 707 CANAL AND AARON MOTWANI ("Defendants"), and similarly situated former and current employees (hereinafter collectively referred to as "Plaintiffs" or "FLSA Collective Plaintiffs") of the Defendants. Plaintiffs complain that the Defendants engaged in a pattern or practice of unlawful conduct which resulted

1

in the violation of their rights under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

## JURISDICTION

2. Jurisdiction is conferred upon this Honorable Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce; and by 28 U.S.C. §1331, this action involving questions of federal law. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff Tiffany Sauls is a resident of the Parish of St. Tammany, State of Louisiana, worked for Defendants at their locations throughout the New Orleans area. Ms. Sauls routinely worked for Defendants in their New Orleans locations for more than 40 hours per week, but was not paid overtime for all hours worked over forty in a workweek.

5. Plaintiff Heather Arnoult is a resident of the Parish of St. Bernard, State of Louisiana, worked for Defendants at their locations throughout the New Orleans area. Ms. Arnoult routinely worked for Defendants in their New Orleans locations for more than 40 hours per week, but was not paid overtime for all hours worked over forty in a workweek.

6. The following persons or entities are named as Defendants:

> (A) Defendant Willie's Chicken Shack, LLC is a Louisiana limited liability company, authorized to do and doing business in the State of Louisiana, Parish of Orleans;

(B)   Defendant Diamond Bourbon, Inc. is a Louisiana corporation, authorized to do and doing business in the State of Louisiana, Parish of Orleans;

(C)   Defendant Golden Bourbon, Inc. is a Louisiana corporation, authorized to do and doing business in the State of Louisiana, Parish of Orleans;

(D)   Defendant Willie's Canal, LLC is a Louisiana limited liability company, authorized to do and doing business in the State of Louisiana, Parish of Orleans;

(E)   Defendant Willie's Decatur, LLC is a Louisiana limited liability company, authorized to do and doing business in the State of Louisiana, Parish of Orleans;

(F)   Defendant Willie's 630 Bourbon, LLC is a Louisiana limited liability company, authorized to do and doing business in the State of Louisiana, Parish of Orleans;

(G)   Defendant Willie's 409 Bourbon, LLC is a Louisiana limited liability company, authorized to do and doing business in the State of Louisiana, Parish of Orleans;

(H)   Defendant Willie's 707 Canal, LLC is a Louisiana limited liability company, authorized to do and doing business in the State of Louisiana, Parish of Orleans;

      (I)      Aaron Motwani, a person of majority residing in the State of Louisiana and an owner, member or officer of the above corporate defendants.

      (J)      Collectively, all named defendants will be referred to as "Defendants."

## FACTUAL BACKGROUND

7. Plaintiffs were hired by Defendants to work in a network of fried chicken and daiquiri shops throughout New Orleans French Quarter that are owned and operated by Defendants under the trade name "Willie's Chicken Shack."

8. At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiffs were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiffs were the "employees" of Defendants within the meaning of FLSA.

11. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

12. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendants.

14. Upon information and belief, "Willie's Chicken Shack" is the name under which the all of the corporate Defendants operate, even though the corporate Defendants are registered as separate corporate entities.

15. Plaintiffs routinely and as part of their regular duties for Willie's Chicken Shack, worked interchangeably between all of Defendants' locations, which operate as a unified entity under a unified general management.

16. Plaintiffs routinely worked more than 40 hours per week for Defendants; however Plaintiffs were not paid overtime for all hours worked over forty in a workweek.

17. Instead, Defendants operated under a concerted scheme whereby they would transfer Plaintiffs from location to location for the purposes of avoiding and/or reducing the compensation owed to employees based on the FLSA's overtime requirement for hours worked over forty in a workweek, although Plaintiffs routinely worked more than 40 total hours in a workweek for Defendants.

18. Plaintiffs only applied one time to work at all of Defendants' locations; if Plaintiffs were fired from one of Defendants' locations, that Plaintiffs were fired from all of Defendants' locations; and for all intents and purposes, Plaintiffs were employees of "Willie's Chicken Shack" as a whole and its associated corporate entities, and not the individual Willie's Chicken Shack locations.

## JOINT EMPLOYER ALLEGATIONS

19. All previous paragraphs are incorporated as though fully set forth herein.

20. Defendants operate a network of fried chicken and daiquiri shops stores in the New Orleans area under the name Willie's Chicken Shack.

21. Although Defendants make a showing of registering each individual location as an individual corporate entity, all of the shops have the same principal place of business and mailing address, all are operated by Mr. Aaron Motwani or entities that he owns, and all operate under or own the trade name "Willie's Chicken Shack."

22. There is nothing to distinguish the appearance and operation of a Willie's Chicken Shack location except for their registered entity names.

23. In addition, Defendants all share the same employees, and Plaintiffs, as well as Defendants' other employees, were routinely scheduled to work among Defendants' various locations, including Defendants' locations at 428 Canal Street, 707 Canal Street, 229 Bourbon Street, 409 Bourbon Street, and 630 Bourbon Street.

24. Defendants operate under common and unified management, including Defendant Motwani. Furthermore, many store managers actually circulated from store to store in the same manner as Plaintiffs did.

25. At all times pertinent hereto, Defendants operated in a concerted scheme to transfer Plaintiffs and other employees from one store to another for the purposes of avoiding and/or reducing the compensation owed to employees based on the FLSA's overtime requirement for hours worked over forty in a workweek, although Plaintiffs routinely worked more than 40 total hours in a workweek for Defendants,

26. At all times pertinent hereto, Defendants would pay Plaintiffs and other employees their wages purportedly from each shop where they worked under the pretense that they were wholly separate, unrelated corporate entities. However, Defendants' payroll procedures and processes are unified for each Defendant.

27. Defendants' purpose in scheduling and paying Plaintiffs and the other employees in this manner was to avoid or reduce the amount of compensation paid to these employees for the work they performed for Defendants in excess of 40 hours per week.

28. At all times, Defendants controlled the time, manner and place where Plaintiffs and the other employees worked. Plaintiffs and the other employees had no control over the shop where they worked for each shift, how long they worked for each shift or the manner in which they performed their work.

29. Pursuant to 29 C.F.R. § 791.2, Defendants constitute Plaintiffs' "joint employers" under the FLSA because their "employment by one [Willie's Chicken Shack] is not completely disassociated from employment by the other [Willie's Chicken Shack]," and therefore "all of the employee[s'] work for all of the joint employers during the workweek is considered as one employment for purposes of the Act."

### FLSA COLLECTIVE ACTION ALLEGATIONS

30. All previous paragraphs are incorporated as though fully set forth herein.

31. Plaintiffs bring this FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all individuals who were jointly employed by Defendants since October 2013 (the "FLSA Collective Plaintiffs").

32. Plaintiffs bring this case as a collective action under the FLSA to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and all other damages owed to Plaintiffs and all similarly situated employees of Defendants.

33. Upon information and belief, there are dozens, if not hundreds, of members of the FLSA Collective Plaintiffs who have been affected by Defendants' improper policies and

practices based upon the number of current employees of Defendants, the Defendants' treatment of all of its employees in the same manner, and the turnover rate of Defendants in the last three years. It would be impractical to join all of those employees and former employees in this action.

34. The precise number of FLSA Collective Plaintiffs can be easily identified and located using Defendants' timesheets, payroll and personnel records. Given the composition and size of the FLSA Collective Plaintiffs, potential opt-in class members may be informed of the pendency of this Collective Action by direct mail and email.

35. This action is properly maintained as a collective action because Plaintiffs are similarly situated to the collective action members they seek to represent. Plaintiffs and similarly situated employees were subject to the same uniform job scheduling policies, payment practices, and operational procedures. Further, Defendants' willful policy or practice, whereby it has failed to pay its joint employees proper wages and overtime compensation for all hours worked over forty (40) hours per week, has affected Plaintiffs and similarly situated employees in the same fashion, and Plaintiffs are in the best position to represent all members of the FLSA class as a whole.

36. In addition, because Defendants applied their unlawful employment and payment policies in the same manner to all potential members of the FLSA Collective Plaintiffs, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves as the most expeditious use of the court's time and resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

37. Plaintiffs request the Court to authorize notice to the FLSA Collective Plaintiffs to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid minimum wages and overtime compensation and liquidated damages under the FLSA.

## COUNT I: VIOLATION OF FEDERAL OVERTIME REQUIREMENTS

**(Alleging FLSA Violations on Behalf of Plaintiffs and the FLSA Collective Plaintiffs)**

38. All previous paragraphs are incorporated as though fully set forth herein.

39. Defendants were joint employers covered by the overtime pay mandates of the FLSA, and Plaintiffs and the FLSA Collective Plaintiffs are current and former employees entitled to the FLSA's overtime protections.

40. The FLSA requires that employees who work over 40 hours in a workweek receive overtime compensation "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) and 29 U.S.C. § 215(a)(2).

41. Defendants violated the FLSA by failing to pay Plaintiffs and the FLSA Collective Plaintiffs the legally mandated hourly overtime premium for hours worked over 40 in a workweek when Plaintiffs often worked many hours in excess of 40 hours.

42. Defendants' failure to pay Plaintiffs and FLSA Collective Plaintiffs federally-mandated overtime is the result of a deliberate scheme whereby which Defendants sought to avoid or reduce paying overtime by claiming that they did not owe overtime to Plaintiffs and other employees unless they worked in excess of 40 hours per week at one location.

43. Defendants took care to avoid scheduling Plaintiffs and the FLSA Collective Plaintiffs to work more than 40 hours at one location, although they routinely scheduled Plaintiffs and the FLSA Collective Plaintiffs to work more than 40 hours total for all Defendants.

44. Plaintiffs and the FLSA Collective Plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for those hours worked in excess of forty (40) hours.

45. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiffs and the FLSA Collective Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

46. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

47. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the FLSA Collective Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for the hours worked in excess of forty (40) hours per week when Defendants knew, or should have known, such was and is due.

48. Defendants have failed to properly disclose or apprise Plaintiffs and the FLSA Collective Plaintiffs or Plaintiffs' and the FLSA Collective Plaintiffs' rights under the FLSA.

49. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs and the FLSA Collective Plaintiffs suffered lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

50. Plaintiffs and the FLSA Collective Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## CONSENT

51. Plaintiffs' consents to file this Complaint are evidenced by their signatures on the FLSA Consent Forms that are attached hereto as Exhibit "A."

## ATTORNEY'S FEES

52. Plaintiffs and the FLSA Collective Plaintiffs are entitled to an award of prevailing party attorney's fees pursuant to the FLSA 29 U.S.C. § 201-209.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, pray that Defendants be duly served with a copy of this Complaint and that after due proceedings are had, that there be judgment rendered herein in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants for all damages reasonable in the premises, and demand the following:

a. an injunction prohibiting Defendants from engaging in future overtime pay violations;

b. payment of unpaid overtime wages to Plaintiffs and the FLSA Collective Action Plaintiffs;

c. liquidated damages and monetary penalties to the fullest extent permitted under the law;

d. litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law;

e. legal interest and such other and further relief as this Court deems just and proper.

    f.  In the event that Plaintiffs do not recover liquidated damages as allowed, then Plaintiffs and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

Dated: November 26, 2016

Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By: *s/Christopher L. Williams*
Christopher L. Williams
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
Email: chris@williamslitigation.com


/s/ *Jody Forester Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
   mjackson@jackson-law.net

Attorneys for Plaintiffs and the FLSA Collective Plaintiffs


**PLEASE SERVE:**

WILLIE'S CHICKEN SHACK, LLC,
Through its Registered Agent:
Marcus L. Giusti
2201 Ridgelake Drive
Metairie, Louisiana 70001

DIAMOND BOURBON, INC.,
Through its Registered Agent

Connie Montgomery, Esq.
1403 Esplanade Ave.
Kenner, Louisiana 70065

GOLDEN BOURBON, INC.,
Through its Registered Agent:
Marcus L. Giusti
2201 Ridgelake Drive
Metairie, Louisiana 70001

WILLIES' CANAL, LLC,
Through its Registered Agent:
Marcus L. Giusti
2201 Ridgelake Drive
Metairie, Louisiana 70001

WILLIE'S DECATUR, LLC
Through its Registered Agent:
Marcus L. Giusti
2201 Ridgelake Drive
Metairie, Louisiana 70001

WILLIE'S 630 BOURBON, LLC,
Through its Registered Agent:
Marcus L. Giusti
2201 Ridgelake Drive
Metairie, Louisiana 70001

WILLIE'S 409 BOURBON, LLC,
Through its Registered Agent:
Marcus L. Giusti
2201 Ridgelake Drive
Metairie, Louisiana 70001

WILLIE'S 707 CANAL, LLC
Through its Registered Agent:
Marcus L. Giusti
2201 Ridgelake Drive
Metairie, Louisiana 70001

AARON MOTWANI
442 Canal Street, Ste 206
New Orleans, Louisiana 70130