IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIFFANY SAULS and HEATHER ARNOULT, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Civil Action No. 16-16596 |
| v. | Judge Milazzo |
| WILLIE'S CHICKEN SHACK, LLC, DIAMOND BOURBON, INC., GOLDEN BOURBON, INC., WILLIES' CANAL, LLC, WILLIE'S DECATUR, LLC, WILLIE'S 630 BOURBON, LLC, WILLIE'S 409 BOURBON, LLC, WILLIE'S 707 CANAL, LLC AND AARON MOTWANI | Magistrate Judge Wilkinson  Jury Trial Demanded |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF JOINT MOTION FOR SETTLEMENT APPROVAL

The parties respectfully submit this Memorandum in Support of Joint Motion for Settlement Approval. The Settlement represents the culmination of approximately seventeen (17) months of investigation, litigation, and negotiation. Accordingly, the parties request that the Court approve the Settlement and retain jurisdiction over this matter for 150 days solely for purposes of enforcing the terms of the Settlement.[1]

## BACKGROUND

Plaintiffs commenced this lawsuit as a representative action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), on behalf of themselves and all other similarly-situated current and former employees of Defendants for, *inter alia*, unpaid wages and overtime, liquidated damages, and attorney's fees and costs. (Doc. # 1). The Complaint alleges

---

[1] The Settlement provides for Defendants to pay the amounts owed to Plaintiffs as well as ½ of the attorney's fees and costs incurred in this litigation on or before March 31, 2018. Defendants will then pay the remaining ½ of the attorney's fees and costs to Plaintiffs' counsel in four equal installments on the following dates: (i) May 15, 2018; (ii) June 15, 2018; (iii) July 16, 2018, and (iv) August 15, 2018.

1

that all eight (8) of the corporate Defendants operate a network of fried chicken and daiquiri shops throughout the New Orleans French Quarter under the trade name "Willie's Chicken Shack." (*Id.* at ¶¶ 14, 19-29). Furthermore, Plaintiffs allege that they routinely worked more than forty hours in a week and did not receive overtime pay for all hours worked over forty in a workweek. (*Id.* at ¶¶ 25-27).

There were two opt-in periods in this litigation as a result of Defendants initially omitting 414 potential opt-in Plaintiffs after the parties stipulated to conditional certification. (Doc. #16, 18, 36, and 38). Ultimately, approximately 78 individuals have filed consent to join forms and opted into this litigation (including the named Plaintiffs).

Defendants denied liability. They also asserted that 1-2 of the opt-ins were not part of the class.

## THE PROPOSED SETTLEMENT

The parties have agreed to settle this matter for $113,650.00 inclusive of attorney's fees and costs. Thus, Defendants will pay a gross settlement amount to Plaintiffs and their attorneys in the amount of $113,650.00. Defendants will pay a total of $45,650.00 to Plaintiffs and an amount to each individual Plaintiff as set forth in the attached Exhibit A. The total attorney's fees and costs to be paid by Defendants is $68,000.00. As noted *supra* in footnote 1, ½ of the attorney's fees will be paid immediately to Plaintiffs' counsel and the other ½ will be paid in four equal installments on the following dates: (i) May 15, 2018; (ii) June 15, 2018; (iii) July 16, 2018, and (iv) August 15, 2018. Checks for all Plaintiffs, who have not been paid already, are in the possession of class counsel and will be distributed upon the Court's approval of the proposed Settlement. Under the Settlement, each Plaintiff will receive the full amount of damages owed to them as well as 90-100% of liquidated damages based on the payroll and time records produced

by Defendants and obtained via third-party subpoenas.[2] The only exception to this is for approximately eleven (11) employees who had either missing time records or illegible time records. For missing time records, each employee will receive 6 hours of overtime (in addition to any other payments owed) as well as 50% in liquidated damages, which equals a total of 9 hours of overtime pay for each missing time record. For illegible time records, each employee will receive 4 hours of overtime (in addition to any other payments owed) as well as 50% in liquidated damages, which equals a total of 6 hours of overtime pay for each illegible time record.

The Settlement is a compromise of disputed claims and is not to be deemed as an admission of fault or liability by Defendants. The Settlement is intended to be a total resolution and complete satisfaction of any and all claims and allegations by the Plaintiffs and opt-ins against Defendants, known or unknown, which are or could have been asserted in this action. The Parties have consented to dismissal of this lawsuit with prejudice after approval of the Settlement and all settlement payments have been made, including the attorney's fees and costs that will be paid over a four-month period.

### I.   THE PARTIES' PROPOSED SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE.

"In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008) (internal citations

---

[2] When reviewing the voluminous payroll and time records in this case, Plaintiffs' counsel identified a number of other potential FLSA violations, such as uniform and cash register deductions, that also have been resolved through this settlement agreement. Defendants denied actual violations/liability. Moreover, not all opt-ins are receiving any money or amounts of monies initially sought. Finally, Defendants have agreed to settle the claims of Debra LaCour and Lindsay Saddemi, though they are not, in whole or part, members of the class as defined in the Complaint.

omitted).    When making this evaluation, "the Court must keep in mind the 'strong presumption' in favor of finding a settlement fair, and remain aware, as the parties must also be, that a settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *Id.* at 720 (internal citations omitted).

### A. The Settlement Resolves A Bona Fide Dispute.

A "bona fide dispute exists where the parties disagree on 'hours worked or compensation due' and engage in 'aggressive prosecution and strenuous defense.'" *Akins v. Worley Catastrophe Response, LLC*, 2014 WL 1456883, at *2 (E.D. La. Apr. 14, 2014)).  In the instant case, Plaintiffs aggressively prosecuted the case over the last seventeen (17) months by, *inter alia*, conducting two separate opt-in periods for potential plaintiffs; serving written discovery; engaging in motion practice; and reviewing thousands of pages of payroll and time records produced by Defendants and subpoenaed from third-party payroll companies.  Thus, this Settlement has occurred only after protracted litigation and a substantial analysis of the relevant time and payroll records by Plaintiffs and Defendants.  Accordingly, the Settlement resolves a bona fide dispute amongst the parties.

### B. The Settlement Is Fair And Reasonable.

This Court considers the factors set forth in *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983), as modified to apply to FLSA collective actions, to determine whether a settlement is fair and reasonable. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 722 (E.D. La. 2008).  Under *Reed,* the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the

4

probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members." 703 F.2d at 172.

*(1) The existence of fraud or collusion behind the settlement.*

As recognized in *Collins*, "[t]he Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." 568 F. Supp. 2d at 725. In the instant case, Plaintiffs' counsel aggressively pursued their claims and the parties engaged in substantial discovery, liability analysis, and evaluation of potential damages. The parties produced and reviewed voluminous payroll records, timesheets, and related case documents. The parties' counsel engaged in lengthy discussions over liability and damages, and the Settlement was not finalized until the parties considered the relevant materials for determining damages. For these reasons, the Court should find that the Settlement was the result of arm's length negotiations and that no there is no suggestion of fraud or collusion.

*(2) and (3) The complexity, expense, and likely duration of the litigation and the stage of the proceedings and the amount of discovery completed.*

As set forth above, prior to agreeing to the Settlement the parties engaged in substantial written discovery, motion practice, and settlement negotiations over the last seventeen (17) months. The Parties have evaluated the time and payroll records for all Plaintiffs that opted into the case. Furthermore, this case has been pending for seventeen (17) months and Plaintiffs are eager to receive their settlement funds. "[L]engthy litigation, and the delay in potential payments it causes, is especially hard on certain classes" like Plaintiffs in the instant case, who do not have significant financial assets. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 726 (E.D. La. 2008). In light of the foregoing, the Court should find that these factors support the conclusion that the Settlement is fair and reasonable.

*(4) The probability of Plaintiffs' success on the merits.*

Plaintiffs' counsel believe that they have a strong case on the merits and the settlement agreement is consistent with Plaintiffs' counsel's evaluation. Under the Settlement, each Plaintiff will receive the full amount of damages owed to them as well 90-100% of liquidated damages based on the payroll and time records produced by Defendants and obtained via subpoena. The only exception to this is for approximately eleven (11) employees who had either missing time records or illegible time records. For missing time records, each employee will receive 6 hours of overtime (in addition to any other payments owed) as well as 50% in liquidated damages, which equals a total of 9 hours of overtime pay for each missing time record. For illegible time records, each employee will receive 4 hours of overtime (in addition to any other payments owed), as well as 50% in liquidated damages, which equals a total of 6 hours of overtime pay for each illegible time record. Given the substantial recovery for those Plaintiffs who are entitled to damages, this factor also weighs in favor of Settlement.

*(5) The range of possible recovery.*

The settlement amounts for members of the putative class are based on negotiated amounts that Plaintiffs allegedly worked and did not receive their full overtime pay for the full three-year FLSA limitations period, in addition to liquidated damages. In addition, each Plaintiff who had a uniform or cash register deduction that brought their pay below minimum wage or reduced their overtime amount will receive double the amount of the deduction after taking into account the liquidated damages each participating Plaintiff will receive. All of these agreed-upon amounts are within a range of possible recovery for Plaintiffs.

A number of Plaintiffs either worked no overtime, received all overtime due, had no deductions to their pay, or filed consent to join forms after the expiration of the FLSA's three-

year statute of limitations. These Plaintiffs will not participate in the Settlement because the documents and information obtained in discovery do not show that they are entitled to any monies.

*(6) The opinions of counsel, Plaintiffs, and absent class members.*

The only parties to this Settlement are the Plaintiffs, Opt-Ins and Defendants. There are no "absent class members." Counsel for both parties endorse the Settlement and agree that the settlement terms are fair, reasonable, and adequate. Given the amount of discovery in this case, counsel for all parties have been able to adequately analyze the risks involved to come to a well-reasoned decision. As to the opinions of absent class members, those concerns are not present here because no individual is bound by the Settlement except Plaintiffs. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 728 (E.D. La. 2008) ("Because no real 'absent' class members exist whose rights will be determined in this settlement who have not consented to participate, the Court need not consider such interests as it would in a settlement of a class action under Rule 23."); *see also Perez v. Avatar Holdings, Inc.,* 2008 U.S. Dist. LEXIS 125107, *6 (M.D. Fla. July 24, 2008) ("As the parties have settled, Plaintiff's claim and the opted in plaintiffs' claims against Defendant are moot, and the case must be dismissed after court approval of the settlement for fairness.").

Defendants have confidence in their case, but trial would last at least a week with much work required prior thereto. Given the costs and uncertainty, the settlement is fair from Defendants' perspective.

**II. THE REQUESTED ATTORNEY'S FEES AND COSTS ARE REASONABLE.**

The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of

the action." *Altier v. Worley Catastrophe Response, LLC*, 2012 U.S. Dist. LEXIS 6391, *59 (E.D. La. Jan. 18, 2012) (quoting 29 U.S.C. § 216(b)).  Plaintiffs were represented by Christopher L. Williams, Jody Jackson, and Mary Bubbett Jackson, all of whom have substantial experience in labor and employment matters, and FLSA matters in particular. "An hourly rate is considered *prima facie* reasonable when an attorney has provided his hourly rate to compute the lodestar method, it is within the range of prevailing market rates, and is not contested." *Lackey v. SDT Waste & Debris Servs., LLC*, 2014 U.S. Dist. LEXIS 136181, *7-8 (E.D. La. Sept. 26, 2014) (citations omitted). Mr. Williams, Mr. Jackson, and Ms. Jackson all have approximately 15 years of litigation experience each and respectfully submits that a rate in the range of $300-$325/hour is a reasonable hourly rate based on their qualifications and experience.  *Sierra v. E.M.S.P., LLC*, 2015 WL 5823293, at *13 (approving a rate of $300/hour for Mr. Williams 2 ½ years ago in October 2015); *Smith v. Sprint/United Mgmt. Co.,* 2011 U.S. Dist. LEXIS 146081, *12 (E.D. La. Dec. 20, 2011) (approving Mr. Williams at a rate of $240/hour six years ago in December 2011); *see also Morales, et al. v. LMK Baton Rouge Construction, LLC*, et al., MDLA, No. 15-639 (Rec. Doc. 115, 116), Oct. 4, 2017 (court approved a $300 per hour fee award for Jackson+Jackson and Williams Litigation, LLC).

Furthermore, Plaintiffs' counsel incurred approximately $3,377.07  in reimbursable costs for, *inter alia*, (i) filing and serving the Complaint; (ii) issuing subpoenas to third-party payroll companies, (iii) mailing and administrating the FLSA notices/consent forms sent to the potential opt-ins; and (iv) PACER research and printing/copying costs.

Based on the above hourly rates and the time worked by Plaintiffs' counsel, attorney's fees and costs would be in excess of $90,000.00.  The record in this case reveals that Plaintiffs' counsel were required to substantial time in obtaining the relief agreed to in the Settlement,

including: (i) obtaining conditional certification and conducting two separate opt-in periods; (ii) preparing discovery requests to Defendants and meeting/conferring with defense counsel regarding the same; (iii) filing a Motion to Compel discovery responses; (iv) communicating with opt-in plaintiffs as part of the FLSA notice process; (v) reviewing Defendants' discovery responses and thousands of pages of documents produced by Defendants and obtained via subpoena; and (vi) preparing/revising the settlement documents and the instant Motion for Settlement Approval.

Based on a review of Plaintiffs' counsel's billing records, a conservative estimate of the time Plaintiffs' counsel has spent on this case is approximately 148.7 hours for Mr. Williams, and approximately 129.2 hours for Mr. Jackson and Ms. Jackson through the date of the Settlement Conference with Magistrate Judge Wilkinson. Further, paralegal Deborah Rosenberger has approximately 52.3 hours of time in this case. Even using the lower end of Plaintiffs' counsel's proposed hourly rates and $100/hour for Ms. Rosenberg,[3] the time incurred through the Settlement Conference totals approximately $88,600.00 in attorney's fees. After including the $3,377.07 in costs incurred thus far, the total amount of attorney's fees and costs is approximately $91,977.07. Further, Plaintiffs' counsel has incurred additional time since the Settlement Conference with Magistrate Judge Wilkinson negotiating the terms of the Settlement and preparing, reviewing, and revising the settlement documents. Thus, the requested $68,000.00 in attorney's fees and costs is substantially less than the amount provided for under the lodestar method.

Furthermore, although the amount for attorney's fees and costs is slightly higher than the settlement amounts payable to Plaintiffs, attorneys' fees awards often "substantially exceed []

---

[3] *Cf. Hornbeck Offshore Servs., L.L.C. v. Salazar*, No. 10-1663, 2011 U.S. Dist. LEXIS 59846, at *29 (E.D. La. June 1, 2011) (approving hourly rate of $95/hour for paralegal more than six years ago in 2011).

damages" in FLSA cases. *See, e.g., Almendarez v. J.T.T. Enters. Corp.,* No. JKS-06-68, 2010 U.S. Dist. LEXIS 88043, at *3 (D. Md. Aug. 25, 2010) (concluding that $84,058 attorneys' fee award was reasonable, even though jury verdict in favor of three of eight plaintiffs awarded plaintiffs only $3,200, $1,200, and $2,200 each); *Butler v. Directsat USA, LLC*, No. DKC-10-2747, 2016 U.S. Dist. LEXIS 35632, 2016 WL 1077158, at *7 (D. Md. Mar. 18, 2016) (approving attorneys' fees award of $258,390.67 in FLSA collective action where plaintiffs had received between $54.36 and $4,197.78, for a total of approximately $36,000). Further, Plaintiffs' counsel already have substantially reduced their attorney's fees to make this Settlement possible. Finally, Defendants have raised no objection to Plaintiffs' hourly-billed rate, the hours that they expended, or the attorney's fees award amount.

In exchange for monies paid by Defendants to Plaintiffs, Opt-Ins and Counsel, in accordance with Exhibit A, all claims under federal and state law pertaining to payment of wages (whether under the Fair Labor Standards Act, La. R.S. 23:631, *et seq.*, or otherwise) that were or could have been brought are dismissed with prejudice. The individuals whose claims are being dismissed with prejudice are as follows:

1. Adelman, Maggie
2. Alers, Karina
3. Arnoult, Heather
4. Augustin, Ebony
5. Aych, Juan
6. Bailey, Vinquita
7. Barnes, Devin
8. Benard, Reginald
9. Berry, III, Chester A.
10. Boykins, Shawnie
11. Brazile, DeYanna
12. Brown, Donald
13. Brown, Patricia
14. Brown, Robert K.
15. Bruney, Jason

16. Casiano, Daisy
17. Causey, Terireal
18. Chappell, Angel
19. Cloud, Maricle
20. Collins, Lekesia
21. Cordova, Fredrick
22. Dickson, Lesdreka
23. Dickerson, Kalyb
24. Dillon, Sade
25. Downs, Janika
26. Ellois, Terayshia
27. Fizer, Kimberly
28. Garcia, Jacura
29. Garner, Thomas
30. Green, Bionka
31. Green, Kaylin
32. Hankton, Anthony
33. Harris, Dominique
34. Hearvey, LaJoya
35. Honore, Ireonte
36. Hunter, Chasity
37. Jackson, Jr., Aaron M.
38. Johnson, Jamara
39. Jones, Raquell
40. Joseph, Aleaner
41. Kulick, Meri L.
42. Lacour, Debra
43. Lassai, Tearany
44. LeGrone, Lexus
45. Lewis, Bryant
46. McKinley, David
47. Minsky, Kevin
48. Minor, Cherry
49. Moore, Brittany
50. Neville, Michael
51. Patton, Tatiana
52. Pech, Ricardo
53. Perkins, Precious
54. Peterson, Davell
55. Poolson, Angelicque
56. Porter, George M.
57. Richardson, Diamond
58. Richardson, Roxie A.
59. Robinson, Des Jahnnay
60. Rodriguez, Rene M.
61. Rogers, Jasmine

62. Saddemi, Lindsay
63. Sanchez, Ericknika
64. Sauls, Tiffany
65. Savoie, Sabrina
66. Smith, Jasminie
67. Smith, Tracy D.
68. Soto-Vallette, Josy
69. Tate, Jimeka
70. Turner, Verta
71. Walker, Marvin
72. Wells, Tiynishia
73. Williams, Jr., Derrick
74. Woods, Sharon
75. Young, Tyrell

## CONCLUSION

Based on the foregoing, the parties respectfully request that the Court enter the proposed Order approving the Settlement between the parties.

Dated:   May 10, 2018                             Respectfully submitted,

| | |
|---|---|
| */s/   Mary Bubbett Jackson*<br>Jody Forester Jackson, (#28938)<br>Mary Bubbett Jackson, (# 29110)<br>**JACKSON+JACKSON**<br>201 St. Charles Avenue, Suite 2500<br>New Orleans, Louisiana 70170<br>T: (504) 599-5953<br>F:  (888) 988-6499<br>E: jjackson@jackson-law.net<br>    mjackson@jackson-law.net<br><br>AND<br><br>*s/Christopher L. Williams*<br>Christopher L. Williams (# 32269)<br>**WILLIAMS LITIGATION, L.L.C.**<br>639 Loyola Ave., Suite 1850<br>New Orleans, LA 70113<br>T: 504.308.1438<br>F: 504.308.1446 | */s/    Ellis B.  Murov*<br>Ellis B. Murov<br>Andrew J. Baer<br>Deutsch Kerrigan, L.L.P.<br>755 Magazine St<br>New Orleans, LA 70130<br>T. 504.593.0655<br>F. 504.566.4055<br>E: emurov@deutschkerrigan.com<br><br>*Counsel for Defendants* |

| | |
|---|---|
| E: chris@williamslitigation.com<br><br>*Counsel for Plaintiffs and the FLSA Collective Action Plaintiffs* | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

                                                                       s/*Mary Bubbett Jackson*